AARON & LINDENMAYER *v.* A. WARNER.

1. LIEN. *For purchase money. Judgments on notes. Different creditors. Equal rights.*

Where, upon promissory notes given for the purchase-money of land and secured by an express lien or equitable mortgage in the deed of conveyance, several judgments are rendered, in favor of two different holders of such notes, against the maker, each of the judgments is entitled to share in the proceeds of the land, even though one may have been recovered and enrolled before the other.

2. SAME.   *Several judgments on secured notes.   Chancery jurisdiction to apply security pro rata.*

And if the defendant in such judgments, being the maker of the notes, is insolvent and the land is insufficient in value to satisfy in full both judgments, and the owner of the one first obtained and enrolled attempts to exclude the owner of the other by selling the land under his execution, and appropriating the proceeds to the satisfaction of his judgment, the other judgment creditor may resort to a court of chancery to compel a sale and *pro rata* distribution under its orders.

APPEAL from the Chancery Court of Wilkinson County.

HON. LAUCH McLAURIN, Chancellor.

On the 11th of April, 1879, M. H. and T. O. Woodruff sold and conveyed to James Lacey a certain tract of land for five hundred dollars, and in their deed of conveyance reserved an express lien to secure the payment of the five notes given by the vendee, each in the amount of one hundred dollars, due respectively on the first days of January, 1880, 1881, 1882, 1883, and 1884, for the aggregate sum of the purchase-money. These notes, which were payable to M. H. Woodruff, were by him transferred for valuable considerations—two to Aaron & Lindenmayer and three to A. Warner. On the 6th of October, 1884, Aaron & Lindenmayer recovered in the circuit court a judgment against Lacey on the two notes held by them, and on the 23d of October, 1884, Warner in the same court recovered a judgment against Lacey on the three notes held by him. These judgments were duly enrolled, an execution was issued upon each, and the two executions were on the same day put in the hands of the sheriff. Under the special directions of Aaron & Lindenmayer, their execution was levied on the land for which the notes had been given, but Warner failed to give any instructions as to the levy of his execution and the sheriff made no levy under it. The land was advertised to be sold on the first Monday in December, 1884, under Aaron & Lindenmayer's execution.

On the 1st day of December, 1884, A. Warner filed the bill in this cause, setting forth the facts above stated, and also stating that Lacey is insolvent and the land is insufficient in value to satisfy both of the judgments, and that Aaron & Lindenmayer intend to apply the

proceeds of the sale about to be made to the satisfaction of their judgment in full, while complainant claims that the proceeds of the sale of the land, when made, should be applied to the two judgments *pro rata*, and praying that the sale under Aaron & Lindenmayer's execution be enjoined and that a sale be ordered by the chancery court for a *pro rata* distribution of the proceeds upon complainant's judgment and that of the defendants, Aaron & Lindenmayer. The injunction was granted. Aaron & Lindenmayer answered the bill, claiming that because their judgment was first obtained and enrolled and they had used greater diligence in having their execution levied, they had gained a priority and were entitled to have their judgment satisfied in full by sale under their execution without regard to the complainant's judgment, and denying the jurisdiction of the chancery court to prevent that sale and order another. The defendants then made a motion to dissolve the injunction, which motion was by the court overruled, and the defendants appealed.

*D. C. Bramlett*, for the appellants.

My position is that this case, as presented, fails to show any reason or circumstances to take the judgments from the circuit court where both parties have placed them and transfer them to the chancery court; that appellee, having declined to pursue Lacey and the land in chancery, and electing to proceed at law against Lacey and Woodruff, cannot now and in this proceeding compel a sale under the chancery court and distribution *pro rata*, and having sat idly by until appellant had incurred the expense of issuing and levying his execution and advertising sale, he cannot now interfere with the due execution of the process of the law, but it must take its regular course. Therefore the injunction should be dissolved.

*C. P. Neilson*, for the appellee.

A court of law was powerless to grant the relief here sought. Had the land been sold and the money paid into court, the circuit court could but direct it to be paid to the oldest judgment creditor —the very disposition that is charged would be inequitable and unjust.

Appellant has been guilty of no *laches*. Although his notes matured last, he *first* brought suit at law. On the 31st March, 1884, appellee filed his suit; appellants filed theirs on April 2d, 1884. At the October (trial) term judgment was rendered in each case—first in appellants' case, but not through any fault or *laches* of appellee. Nor was there any *laches* afterward; appellee had his judgment enrolled, execution issued and placed in the hands of sheriff; as soon as he ascertained that his security (the land) was being endangered by a sale under an older judgment he asserted his rights and applied to a court of chancery to adjust and apportion the joint security to the payment of all the notes, all being a lien on the same land.

COOPER, J., delivered the opinion of the court.

The appellee was entitled to share with the appellants the proceeds of the land. It was bound by an equitable mortgage for the notes upon which both the judgments were rendered, and the fact that the appellants' judgment was first rendered did not entitle them to appropriate the whole of the security to its payment. The maker of the notes is insolvent, the security is insufficient to satisfy in full the claims against it, and the appellants, by virtue of their prior judgment, are attempting to exclude the appellee from a participation in the trust property. These facts warranted the appellee in appealing to a court of chancery for relief.

*Decree affirmed.*